THOMAS CRESAP ET AL. v. THE STATE.

*No. 6685.   Decided May 24.*

**Indictment—Bail Bond—"Illegal Marking and Branding"** of animals is not *eo nomine* an offense against the laws of this State, and an indictment to charge the offense as properly defined, or a bail or appearance bond to be valid under such a charge, must allege the constituent elements of the offense, to-wit, that the accused marked and branded any of the animals enumerated in the statute, the same "not being his own, and without the consent of the owner, and with intent to defraud." The bail bond in this case described the offense as "illegally marking and branding one head of neat cattle." *Held,* insufficient.

APPEAL from the District Court of Kerr. Tried below before Hon. T. M. Paschal.

The opinion discloses the nature of the case. The amount of the bond and judgment was $300.

*Burney & Burnett,* for appellants.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—"Illegal marking and branding" is not an offense *eo nomine* under our Code. The elements constituting such an offense are that the person shall mark and brand any of the enumerated animals, the animals "not being his own, and without the consent of the owner, and with intent to defraud." Penal Code, art. 759.

An indictment under this article to be sufficient must allege these elements (The State v. Hall, 27 Texas, 333), and these allegations must be proved. Fossett v. The State, 11 Texas Ct. App., 40. An appearance or bail bond to answer an indictment charging this offense must also contain a description of the offense by its essential elements, since there is no offense of the kind *eo nomine*. Where an offense is not so defined, then it must be described by stating its essential elements so that it will appear that a particular offense against the law is charged against the principal. Willson's Crim. Stats., sec. 1794.

The bail bond which was forfeited in this case described the offense of which the principal stood charged as "illegally marking and branding one head of neat cattle." It did not state the offense charged in the indictment, nor any offense under our law, and therefore no legal liability could attach under it.

The judgment is set aside, and because no legal forfeiture can be had upon said bond, a further prosecution of the case is dismissed.

*Reversed and dismissed.*

Judges all present and concurring.